IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT L. HARTLEY, JR.,** )<br> )<br>     **Plaintiff,** )<br> )<br>vs. )<br> )<br>**KRISTI LEE,** *et al.***,** )<br> )<br>     **Defendants.** ) | **CIVIL NO. 06-485-GPM** |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

     Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff states that in late November 2005 he submitted a medical call slip due to chest pains and breathing problems associated with his asthma. Defendant Lee came to see him, and she told him she would refer him to the doctor. Apparently that call pass was canceled, so Plaintiff did not see the doctor as promised. Two weeks later he was placed on the call list to see the physician's assistant; again, his call pass was inexplicably canceled. He finally saw the nurse practitioner in early January, who determined that he had an upper respiratory infection.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

In this case, Plaintiff makes no allegation that Lee was deliberately indifferent to his medical needs. In fact, quite the opposite is suggested by his allegations – Lee came to see him as requested, and she referred him to the doctor. Plaintiff makes no allegation that Lee was responsible for the cancellation of his call passes, and the Court will not infer such a claim. Accordingly, Plaintiff has

failed to state a claim against Lee for deliberate indifference to his serious medical needs, and this claim is dismissed with prejudice from this action.

Plaintiff next alleges that Defendant Lee signed his medical voucher for him, rather than allow him to sign his own. He believes he should not be charged the $2.00 co-payment for that medical visit, as that visit was related to his chronic asthma. Courts have consistently held, however, that such a co-payment plan is not unconstitutional. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D.Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D.Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care). Therefore, Plaintiff is not entitled to the return of the $2.00 charged for that medical visit, and this claim is also dismissed with prejudice.

Finally, Plaintiff alleges that he wrote to Defendants Grubman and Conder about these issues, yet he received no response from either individual. Plaintiff does not have an absolute right, however, to receive a prompt response to his complaints and grievances. In fact, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681

F.2d 1091 (7th Cir. 1982). Consequently, Plaintiff has failed to state a claim against Grubman or Conder, and these claims are also dismissed with prejudice.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 07/27/07

s/ *G. Patrick Murphy*
G. Patrick Murphy
Chief United States District Judge